1  David Scott Bayer, II

2  NERDDEER, LLC

3  2105 Crenshaw Boulevard

4  Los Angeles, California 90016

5  Tel.: 323-847-9262

6  Tel.: 909-569-2360

7  scott.bayer2@gmail.com

8  https://www.gofundme.com/stop-securities-fraud

9  *counsel to unincorporated associations*

10  DAVID SCOTT BAYER II, LLC, and NERDDEER, LLC*, Plaintiffs.*

**FILED**
CLERK, U.S. DISTRICT COURT

AUG - 8 2019

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

11  **UNITED STATES DISTRICT COURT**

12  **CENTRAL DISTRICT OF CALIFORNIA**

13  NERDDEER, LLC;

14  DAVID SCOTT BAYER, II, LLC; and

15  DAVID SCOTT BAYER, II,
   *individually, on behalf of all similarly*

16  *situated persons, and as taxpayers'*
   *and putative class representative;*

17

18  *Plaintiffs,*

19  *v.*

20

21  THE CITY OF LOS ANGELES;
   MICHAEL N. FEUER, in his

22  individual and professional capacity as
   City Attorney for the City of Los

23  Angeles; JONATHAN CRISTALL, in

24  his individual and professional
   capacity as Assistant City Attorney for

25  the City of Los Angeles; KIMBERLY

26  ERICKSON, in her individual and
   professional capacity as Assistant City

27  Attorney for the City of Los Angeles;

28  MARY CLARE MOLIDOR, in her

Case No. **CV 19 - 6 8 8 4 - DSF(SSx)**

**COMPLAINT**

FOR VIOLATIONS OF
CONSTITUTIONAL LAW,
INCLUDING THE THIRD
AMENDMENT TO THE UNITED
STATES CONSTITUTION;
VIOLATIONS OF THE LABOR,
ANTITRUST, SECURITIES, AND
OMNIBUS CRIME CONTROL
LAWS OR REGULATIONS OF THE
UNITED STATES OF AMERICA;
AND DAMAGES PURSUANT TO A
CONSPIRACY OR ENDEAVOR TO
CORRUPTLY IMPEDE
ENFORCEMENT OF THE
INTERNAL REVENUE CODE.

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

COMPLAINT

1461 202

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

1  individual and professional capacity as
2  Chief, Criminal and Special Litigation
3  Branch of the Office of the Los
   Angeles City Attorney; POLICE
4  CHIEF MICHAEL MOORE,
   individually and in his official
5  capacity; THE LOS ANGELES
   POLICE DEPARTMENT; LOS
6  ANGELES POLICE DETECTIVE II
7  LARSEN SERIAL NO 33038; in his
   individual and professional capacities;
8  THE COUNTY OF LOS ANGELES;
9  SHERIFF ALEX VILLANUEVA, in
   his professional capacity;
10 THE OFFICE OF THE LOS
11 ANGELES DISTRICT ATTORNEY;
   JACKIE LACEY, in her individual and
12 professional capacity as District
13 Attorney for the County of Los
   Angeles; DAVID PFAFF, in his
14 individual and professional capacity as
15 Assistant District Attorney for the
   County of Los Angeles; DAVID
16 FIELDS, a Judge of the California
17 Superior Court, in his individual and
   professional capacities; MICHAEL E.
18 PASTOR, a Judge of the California
19 Superior Court, in his individual and
   professional capacities;
20 RUSS AUGUST & KABAT, a
21 California Professional Corporation;
   LARRY CRAIG RUSS, an individual;
22 MARC AARON FENSTER, an
23 individual; BONNIE ANDERSON, an
   individual; JACKSON LEWIS, P.C., a
24 Pennsylvania Corporation; JOEL P.
25 KELLY, an individual; IRA
   BENJAMIN KATZ, IRA BENJAMIN
26 KATZ, a Professional Corporation;
27 KAISER PERMANENTE
   INTERNATIONAL, a California
28

1
COMPLAINT

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

Corporation; THE ENTITY AND ISSUER certificate authority with root CA Serial Number 3D E8 6F F4 50 AC 93 94 43 75 34 FA BB 22 AB F0 bearing SHA-256 fingerprint 58 84 A1 14 69 E2 5B C8 8D 57 C0 E0 51 05 D1 22 43 4A B5 61 4E 1F 48 8C 87 D9 34 0E 53 17 A3 2C and SHA-1 fingerprint 37 53 93 36 C8 7D 8E 82 46 8C B6 A4 C3 2F 2B 09 7E 95 9D 6A; THE SUBJECT with certificate serial number 5B BB 81 DD 00 01 00 00 02 51 bearing SHA-256 fingerprint D2 CD E4 E0 ED C9 85 C5 60 85 43 38 13 A2 5A 0C 5B 28 4E 78 C7 B9 91 9D 48 21 90 99 91 B4 DC 3F and SHA-1 fingerprint E2 E2 A5 63 BF F5 C1 95 29 97 21 4C F4 DB C1 00 A0 AE 61 EF for the issuer with Root Certificate Authority Serial Number 3D E8 6F F4 50 AC 93 94 43 75 34 FA BB 22 AB F0 bearing SHA-256 fingerprint 58 84 A1 14 69 E2 5B C8 8D 57 C0 E0 51 05 D1 22 43 4A B5 61 4E 1F 48 8C 87 D9 34 0E 53 17 A3 2C and SHA-1 fingerprint 37 53 93 36 C8 7D 8E 82 46 8C B6 A4 C3 2F 2B 09 7E 95 9D 6A; THE SUBJECT with certificate Serial Number 51 A5 BB A0 00 01 00 00 02 34, SHA-256 fingerprint 7F 49 CA 73 B0 F4 BA E2 09 4A 28 17 98 11 F1 48 52 2E 12 C0 38 BD 3B FC 29 CD D2 11 10 BB 0B A9 and SHA-1 fingerprint E0 FF 60 06 95 14 EF A5 F5 6E D4 CF A8 3A D5 E7 7F AF B8 D3 for the issuer with Root Certificate Authority Serial Number Serial Number 3D E8 6F F4 50 AC 93 94 43 75 34 FA BB 22 AB F0 bearing SHA-256 fingerprint 58 84 A1 14 69 E2 5B C8 8D 57 C0 E0 51

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

1   05 D1 22 43 4A B5 61 4E 1F 48 8C 87
2   D9 34 0E 53 17 A3 2C and SHA-1
    fingerprint 37 53 93 36 C8 7D 8E 82
3   46 8C B6 A4 C3 2F 2B 09 7E 95 9D
4   6A; THE SUBJECT with certificate
    serial number 51 94 5C F9 00 01 00 00
5   02 32 bearing SHA-256 fingerprint  A7
6   4B 78 48 45 6C 2C 06 70 A4 10 AD
    50 78 5B 7A 14 73 46 98 CC C9 40 E2
7   A3 B1 78 86 CA 5C B0 85 SHA-1 for
8   the issuer with Root Certificate
    Authority Serial Number 3D E8 6F F4
9   50 AC 93 94 43 75 34 FA BB 22 AB
10  F0 bearing  SHA-256 fingerprint 58 84
    A1 14 69 E2 5B C8 8D 57 C0 E0 51
11  05 D1 22 43 4A B5 61 4E 1F 48 8C 87
12  D9 34 0E 53 17 A3 2C and SHA-1
    fingerprint 37 53 93 36 C8 7D 8E 82
13  46 8C B6 A4 C3 2F 2B 09 7E 95 9D
14  6A and DOES 01 through 50,
    inclusive,
15
16              *Defendants*.
17
18  RUSS AUGUST & KABAT, a
    California Professional Corporation;
19  ROES 01 through 50, inclusive,
20
21            *Defendants sued as*
            *potential co-Plaintiffs*
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

1.    INTRODUCTION..................................................................... 4

    *1.1    Fraud on the Court* ........................................................ 5

2.    JURISDICTION ..................................................................... 6

    *2.1    Intradistrict Assignment*................................................. 8

    *2.2    Presentment of Claims Pursuant to 28 U.S.C. § 2675*...................... 8

3.    PARTIES ............................................................................... 8

    *3.1    Representative Plaintiff David Scott Bayer* ........................... 8

    *3.2    Plaintiff David Scott Bayer II, LLC* ................................. 10

    *3.3    Plaintiff NerdDeer, LLC* ............................................. 11

    *3.4    Defendants* ......................................................... 11

        3.4.1  The Employer-Law Firm Defendants................................. 11

        3.4.2  The State and Local Government Defendants ....................... 13

        3.4.3  The County of Los Angeles Defendants............................. 17

        3.4.4  The Health Care Provider Defendants.............................. 20

        3.4.5  The Intelligence CommunityAffiliated Defendants .............. 20

        3.4.6  The Service Provider Defendants ................................. 22

    *3.6    Alter Ego Statement* ................................................ 22

    *3.7    Statute Of Limitations* ............................................. 25

4.    EXHAUSTION OF ADMINISTRATIVE REMEDIES........................ 25

5.    PRIVACY, CIVIL RIGHTS, AND CIVIL LIBERTIES

PROTECTIONS ........................................................................ 26

    *5.1    Standards for Information and Intelligence Sharing in the Homeland*

        *Security Environment*................................................ 26

    *5.2    Civil Rights and Civil Liberties Implications*...................... 28

    *5.3    Privacy Implication*................................................. 29

DAVID SCOTT BAYER, II

Scott.bayer2@gmail.com

323-847-9262

6.     **FACTUAL BACKGROUND RELATED TO PLAINTIFF BAYER'S FORMER EMPLOYMENT WITH ADLI LAW GROUP** ................................... 30

    6.1    *Adli Law Group and It's Clients Engaged in Racketeering and Defrauded the Government and the United States Treasury.* .......... 30

    6.2    *The Government's Parallel Proceedings Against Abraxas J. Discala and the Securities and Exchange Commission's Related Matters ...* 31

        6.2.1  Overview of the Discala Criminal Case ................................. 34

        6.2.2  Adli Law Group and Attorney Hanwei Cheng Aided, Abetted, and Conspired with Discala in Placing Discala's Assets Beyond the Reach of the Government ................................... 35

        6.2.3  Overview of the SEC's Allegations in Discala ...................... 38

        6.2.4  Adli Law Group, Attorney Cheng, Discala, and CLIFTON R. ("UNCLE SKIPPY") MCDONNELL Provided False or Misleading Information to the Securities and Exchange Commission Related to its Request to Interview Discala's Business Partner, CLIFTON R. ("UNCLE SKIPPY") MCDONNELL, and the Seibert Investigation ...................... 39

        6.2.5  Overview of the SEC's Allegations in Seibert ...................... 44

        6.2.6  Adli Law Group and Attorney Cheng Fraudulently Transferred the Discalas' Assets to Third-Parties to Place them Beyond the Reach of or Detection by the Government 46

    6.3    *The Nexus Between the Government, Scanbuy, Discala, and Omniview Capital* ............................................................. 49

    6.4    *The Draft Scanbuy Collections Matter* ............................................. 50

        6.4.1  Alleged Breach of Fiduciary Duties by Scanbuy Board of Directors: ................................................................. 53

COMPLAINT

6.5 *The Origin of EMPLOYUS - Mongelluzzi's Fraud Involving Regions, Synovus, and Highlands-Union Banks Gave Rise to EMPLOYUS, THE STAFFING GROUP, and a Massive Bankruptcy Fraud* ......... 54

    6.5.2 The CORGREEN TECHNOLOGIES and CRACKPOT-CUBED Claims ...................................................................... 89

6.6 *Discala and RBC Capital Markets, LLC* ........................................ 98

6.7 *Government's Related Proceedings Against RBS; Discala and Kyleen Cane's Alleged Involvement with RBS* ................................. 98

    6.7.1 Regulatory Matters ............................................................. 101

6.8 *Attorney Cheng, Adli Law Group, and others Corruptly Endeavored to Impede the Government's Program to Shut Down Tax Schemes and Scams* ...................................................................................... 105

    6.8.1 The Government's Proceedings Against Fesum Ogbazion, ITS Financial and Adli Law Group and Hanwei Cheng's Clients Plover Financial Services, Henock Teferi, Ruth Berhane, and Sirak Petros aka Sirak Ambaye aka Zak Ambaye ............... 105

    6.8.2 Plover Financial Services ................................................... 113

    6.8.3 Hanwei Cheng, Adli Law Group, and Others Helped Plover Financial Services and its Principals Avoid Civil Contempt and Criminal Sanctions ....................................................... 135

7. **THE NEXUS BETWEEN ADLI LAW GROUP AND THE STATE AND LOCAL GOVERNMENT DEFENDANTS** .............................................. 138

7.1 *Adli Law Group used criminal proceeds to provide gratuities to local prosecutors in order to curry favor and to deflect law enforcement scrutiny of their activities* ........................................... 138

7.2 *Adli Law Group Unlawfully Terminated Bayer's Employment In Violation of Public Policy and the Securities Laws of the United States* ................................................................................ 139

    7.2.1 People v. Bayer, Los Angeles Superior Court Case No. BA456764 ........................................................ 141

    7.2.2 Bayer lost his home because of the State and Local Government Defendants' Unlawful Acts or Omissions and was held in custody for nearly 3 weeks on an invalid warrant 146

    7.2.3 Bayer was relased from Jail to the streets and homelessness in violation of the August 2015 Joint Settlement Regarding the Los Angeles County Jails and Order of Resolution and was sexually assaulted by his county-assigned medical case worker. ........................................................ 148

**8. ADLI LAW GROUP'S INVOLVEMENT IN EXCHANGE HOUSE RELATED SCHEMES** ........................................................ 152

8.1 *Executive Order 13382 – Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters* ........................... 152

8.2 *Executive Order 13606 (the "GHRAVITY EO") – Blocking the Property and Suspending Entry Into the United States of Certain Persons With Respect to Grave Human Rights Abuses by the Governments of Iran and Syria via Information Technology* ........ 155

    8.2.1 Iran's Law Enforcement Forces ........................... 157

    8.2.2 Datak Telecom ........................................................ 157

8.3 *Dariush G. Adli and Nicolette Hachem-Sawaya* ........................... 157

8.4 *Exchange House-Related Schemes* ................................................. 159

8.5     Adli Law Group and Shahen Minassian Conspired in a Fraud
        Related to the Transfer of Real Estate Holdings in Iran and Armenia
        .................................................................................................... 160
        8.5.1  The Facts as Related by Minassian and the Adli Firm ........ 161

9.    THE NEXUS BETWEEN ADLI LAW GROUP AND THE RAK
DEFENDANTS ................................................................................................ 165
        9.1     Adli Law Group's Representation of MaxSound Corporation ...... 165
        9.2     Adli Law Group, MaxSound Corporation, Vendati Systems, VSL
                Communication, and ETECH Investements.................................... 166
        9.3     The RAK Defendants Representation of MaxSound Affiliate Vendati
                Systems, Ltd............................................................................... 166
                9.3.1  Maxsound v. Google........................................................... 166
                9.3.2  Factual History and Procedural Background ....................... 173
        9.4     Adli Law Group's Prosecution of the `262 Patent......................... 176
        9.5     Adli Law Group, P.C. v. Max Sound Corporation......................... 176
                9.5.1  The MaxSound – Adli Law Group Tax Avoidance Scenario
                       177
        9.6     The RAK Defendants and Marathon Patent Group ....................... 178

10.   FACTUAL BACKGROUND RELATED TO PLAINTIFF BAYER'S
FORMER EMPLOYMENT WITH THE  RAK DEFENDANTS ................... 179
        10.1    The RAK Defendants' Business Operations.................................... 204
        10.2    Duties and Pay Provisions of the RAK Defendants' Non-Exempt
                Employees .................................................................................... 208
        10.3    Failure to Pay Minimum Wages to RAK's Non-Exempt Employees
                208
        10.4    Failure to Pay Overtime Compensation ......................................... 209
        10.5    Failure to Afford Meal Breaks ...................................................... 209

10.6   Failure to Afford Rest Breaks to RAK's Non-Exempt Employees . 210

10.7   Failure to Pay Timely Wages to RAK's Non-Exempt Employees.. 211

10.8   Failure to Furnish Itemized Wage Statements ............................... 211

10.9   Data Breach Notification ................................................................ 212

10.10 The Severance greement is Unenforceable .................................... 212

**11.    THE NEXUS BETWEEN the RAK DEFENDANTS, THE INTELLIGENCE COMMUNITY DEFENDANTS, AND PLAINTIFF BAYER'S FORMER EMPLOYMENT** ........................................................ **214**

11.1   SPYRUS ........................................................................................... 214

11.2   FORTEZZA CRYPTO CARD SCHEMATICS ............................... 215

11.3   Susan Tregub ................................................................................. 217

11.4   The RAK Defendants and the Intelligence Community Associated Defendants Trespass to Plaintiff's Protected Computers and Misappropriation of Trade Secrets .............................................. 218

**12.    THE COLLECTIVE LABOR ALLEGATIONS ON BEHALF OF THE RAK NON-EXEMPT EMPLOYEES** ......................................... **221**

12.1   THE RAK LABOR CLASS ACTION ALLEGATIONS ................... 222

12.1.1 Numerosity ................................................................... 224

12.1.2 Commonality ................................................................ 224

12.1.3 Typicality ..................................................................... 225

12.1.4 Adquacy of Representation .......................................... 226

12.1.5 Superiority ................................................................... 226

**13.    PLAINTIFF BAYER'S ALLEGATIONS AGAINST THE SURVEILLANCE CLASS DEFENDANTS INDIVIDUALLY AND ON BEHALF OF THE RAK SURVEILLANCE CLASS** ......................... **227**

13.1    *CONSTITUTIONAL PROTECTION OF PLAINTIFFS' AND THE RAK SURVEILLANCE CLASS' PROPERTY AND LIBERTY INTERESTS* ................................................................... 227

13.2    *THE RAK SURVEILLANCE CLASS ALLEGATIONS* ................... 228

     13.2.1 Numerosity ................................................................. 229

     13.2.2 Commonality .............................................................. 230

     13.2.3 Typicality ................................................................... 231

     13.2.4 Adequacy ................................................................... 231

**COUNT ONE** .................................................................................. 231

**Sarbanes-Oxley Act** ....................................................................... 231

**Against All Defendants** .................................................................. 231

**COUNT TWO** .................................................................................. 233

**Violations of Section 13(d) of the Securities Exchange Act of 1934** ................. 233

**Against THE RAK Defendants** ....................................................... 233

**COUNT THREE** ............................................................................. 235

**Fraud  in Connection with the Purchase or Sale of Securities Violations of Section 10(b) of the Exchange Act  and Rules 10b-5(a) and (c) thereunder Against All Defendants** ....................................................................... 235

**COUNT FOUR** ................................................................................ 235

**Fraud  in Connection with the Purchase or Sale of Securities Violations of Section 10(b) of the Exchange Act  and Rules 10b-5(b) thereunder Against All Defendants** ....................................................................................... 235

**COUNT FIVE** .................................................................................. 236

**Excessive Force And Denial Of Equal Protection Under U.S. constitution amendments IV and XIV, 42 U.S.C. § 1983** ......................................... 236

**COUNT SIX** .................................................................................... 238

*EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S.*

*CONSTITUTION, 42 U.S.C. § 1983* .............................................. 238

**Against Defendants County Of Los Angeles And Sheriff Alex Villanueva** ..... 238

**COUNT SEVEN** .................................................................... 238

**Due Process U.S. Constitution Amendment XIV, 42 USC. § 1983 Against All**

**Defendants** ....................................................................... 238

**COUNT EIGHT** .................................................................... 241

**Violation Of The First Amendment To The Constitution Of The United States**

**Of AmericA Pursuit of Occupation** ............................................. 241

**COUNT NINE** ..................................................................... 242

**Conspiracy To Violate Civil Rights, 42 U.S.C. § 1985** ....................... 242

**COUNT TEN** ...................................................................... 243

**Excessive Force And Denial Of Equal Protection Under The California**

**Constitution In Violation Of California Constitution ARTICLE I SECTIONS 7**

**AND 13243**

**COUNT ELEVEN** ................................................................... 243

**Violence And Intimidation In Violation Of California Civil Code Section 51.7**

             243

**COUNT TWELVE** ................................................................... 244

**Violation of 42 U.S.C.A. § 1981 Intentional Discrimination In Employment**

**Against All Defendants** ........................................................ 244

**COUNT THIRTEEN Violation of 42 U.S.C.A. § 1982  As Against All**

**Defendants** ....................................................................... 245

**COUNT FOURTEEN** ................................................................. 247

**Conspiracy To Interfere With Civil Rights; Retaliation And Denial Of Due**

**Process Of Law  In Violation Of 42 U.S.C.A. §§ 1983, 1985  And The Fair**

**Employment And Housing Act Against All Defendants** ........................... 247

COUNT FIFTEEN...............................................................................248

Temporary Restraining Order, Preliminary Injunction and Permanent

Injunction As Against All Defendants ...............................................248

COUNT SIXTEEN ............................................................................250

ASSAULT ..........................................................................................250

COUNT SEVENTEEN.......................................................................250

BATTERY ..........................................................................................250

COUNT EIGHTEEN ..........................................................................251

Intentional Infliction of Emotional Distress As Against All Defendants .........251

COUNT NINETEEN...........................................................................251

Negligence  AgaInst All Defendants...................................................251

COUNT TWENTY ..............................................................................252

Violation of Statutory Duty, Cal. Civ. Code § 3342.........................252

COUNT TWENTY-ONE .....................................................................253

Taxpayer Action For Declaratory And Injunctive Relief Under ccp § 526(A) –

ALL TAXPAYER PLAINITFFS AGAINST THE STATE AND LOCAL

GOVERNMENT DEFENDANTS...........................................................253

14.        THE ANTITRUST CAUSES OF ACTION ...........................253

COUNT TWENTY-TWO .....................................................................253

VIOLATION OF SECTION 1 OF THE SHERMAN ACT............................253

COUNT TWENTY-THREE...................................................................255

VIOLATION OF The Cartwright Act Business & Professions Code § 16720 255

15.        THE LABOR RELATED CAUSES OF ACTION ...................256

COUNT TWENTY-FOUR ....................................................................256

Civil Enforcement Of Section 503(A) Of The Employee Retirement Income

Security ACT, 29 U.S.C. § 1132.......................................................256

Against the rak Defendants.................................................................256

COUNT TWENTY-FIVE ......................................................................... 259

Coercive And Fraudulent Interference With Erisa Rights In Violation Of 29

U.S.C. § 1141 ........................................................................................ 259

Against the RAK Defendants................................................................. 259

COUNT TWENTY-SIX ........................................................................... 260

California Labor Code Section 1102.5(b)............................................. 260

COUNT TWENTY-SEVEN ..................................................................... 262

For Equitable And Injunctive Relief Pursuant To California Labor Code

Sections 1102.61, 1102.62. ................................................................... 262

COUNT TWENTY-EIGHT........................................................................ 262

Violation Of The Rehabilitation Act Of 1973 29 U.S.C.A. §§ 706 and 794 ..... 262

COUNT TWENTY-NINE........................................................................... 263

Intentional Age Discrimination Age Discrimination in Employment Act of 1967

29 U.S.C.A. §§ 621 et seq....................................................................... 263

COUNT THIRTY .................................................................................... 264

Intentional Age Discrimination California Bane And Unruh Civil Rights Acts

CAL. CIV. CODE §§ 51.7, 52.1 ............................................................... 264

COUNT THIRTY-ONE ............................................................................ 265

Tom Bane Civil Rights Act, Cal. Civil Code § 52.1 ............................. 265

COUNT THIRTY-TWO ............................................................................ 266

False Arrest And False Imprisonment.................................................... 266

COUNT THIRTY-THREE .......................................................................... 267

Violence And Intimidation In Violation Of The  California Unruh Civil Rights

Act, CAL. CIV. CODE § 51.7 ................................................................... 267

COUNT THIRTY-FOUR ........................................................................... 268

Intentional Infliction of Emotional Distress .......................................... 268

COUNT THIRTY-FIVE ............................................................................ 269

x
COMPLAINT

1

2  Negligent Infliction of Emotional Distress...................................................... 269

3  COUNT THIRTY-SIX .......................................................................................... 270

4  Pay Discrimination In Violation Of  The Equal Pay Act Of 1963, 29 U.S.C. §

5  206(D)(1) AND  CALIFORNIA LABOR CODE § 1197.5............................... 270

6  COUNT THIRTY-SEVEN ................................................................................... 272

7  Failure To Pay Minimum Wage FLSA, 29 U.S.C. §§ 206, 211(c), 216(b) ....... 272

8  COUNT THIRTY-EIGHT..................................................................................... 273

9  Failure To Pay Minimum Wage Cal. Labor Code §§ 1194, 1197; Wage Order

10  No. 5    273

11  COUNT THIRTY-NINE........................................................................................ 274

12  Failure To Provide Overtime Compensation FLSA, 29 U.S.C. §§ 207, 211(c),

13  216(b)   274

14  COUNT FORTY..................................................................................................... 276

15  Failure To Provide Compensation For All Hours Worked California Labor

16  Code §§ 510, 1194; Wage Order No. 5.................................................................. 276

17  COUNT FORTY-ONE............................................................................................ 277

18  For Failure To Pay Wages For Compensable Meal Break Period California

19  Labor Code §§ 226.7, 512; Wage Order No. 5 .................................................... 277

20  COUNT FORTY-TWO........................................................................................... 278

21  For Failure To Pay Wages    For Compensable Rest Break Period California

22  Labor Code §§ 226.7, 512; Wage Order No. 5 .................................................... 278

23  COUNT FORTY-THREE....................................................................................... 280

24  For Failure To Timely Pay Wages ....................................................................... 280

25  At Conclusion Of The Employment Relationship California Labor Code §§

26  201-203 280

27  COUNT FORTY-FOUR ......................................................................................... 280

28

For Failure To Furnish Itemized Wage Statements California Labor Code §§ 226(a)   280

COUNT FORTY-FIVE..................................................................................... 281

Failure To Provide Employee Personnel File And Payroll Records In Violation Of  California Labor Code §§ 226, 432, AND 1198.5 ........................................ 281

COUNT FORTY-SIX........................................................................................ 282

Discrimination Based on Race in violation of Government Code § 12940  Fair Employment and Housing Act (FEHA)......................................................... 282

COUNT FORTY-SEVEN ................................................................................. 284

DISCRIMINATION BASED ON disability in violation of GOVERNMENT CODE  § 12940 *et seq.* fair employment and housing act (FEHA)................... 284

COUNT FORTY-EIGHT .................................................................................. 287

Failure to Prevent Discrimination and Harassment in violation of Government Code § 12940(j) and § 12940(k)  Fair Employment and Housing Act (FEHA)   287

COUNT FORTY-NINE...................................................................................... 289

Failure to accommodate in violation of Government Code  § 12940 ET SEQ Fair Employment and Housing Act (FEHA)......................................................... 289

COUNT FIFTY .................................................................................................. 291

Failure to Engage in the Interactive Process in violation of Government Code  § 12940 ET SEQ Fair Employment And Housing Act (FEHA) ........................... 291

COUNT FIFTY-ONE......................................................................................... 293

Retaliation  In Violation Of Government Code § 12940 ET SEQ fair employment and housing act (FEHA)................................................................ 293

COUNT FIFTY-TWO........................................................................................ 295

COUNT FIFTY-THREE.................................................................................... 296

COUNT FIFTY-FOUR ..................................................................................... 298

xii

COMPLAINT

**COUNT FIFTY-FIVE** ........................................................... **299**

**Reprisal** ............................................................................ **299**

**COUNT FIFTY-SIX** ............................................................ **300**

**Discriminatory Demotion And Discharge** ......................... **300**

**COUNT FIFTY-SEVEN** ...................................................... **301**

**Discriminatory Working Conditions** ................................. **301**

**COUNT FIFTY-EIGHT** ...................................................... **302**

**Negligent Misrepesentation** .............................................. **302**

**COUNT FIFTY-NINE** ......................................................... **302**

**Fraud in the Inducement** ................................................... **302**

**COUNT SIXTY** .................................................................. **303**

**Breach of Contract** ........................................................... **303**

**Damages for Fraudulent Information Return And Failure To Truthfully**

**Account For And Pay Over Taxes In Violation Of Internal Revenue Code**

**Sections 7201, 7434 and 29 U.S.C. § 1001** *et seq.* **– statutory damages** ............ **304**

       *15.1   Employment Tax Withholding* ........................................ *305*

       *15.2   Failure to Account For and Pay Over Employment Tax* ............... *307*

**16.   AS TO DEFENDANT RUSS AUGUST & KABAT** .......................... **307**

**COUNT SIXTY-ONE** ......................................................... **307**

**COUNT SIXTY-TWO** ......................................................... **307**

**COUNT SIXTY-THREE** ...................................................... **307**

**COUNT SIXTY-FOUR** ....................................................... **307**

**COUNT SIXTY-FIVE** ......................................................... **307**

**17.   AS TO DEFENDANT LARRY CRAIG RUSS** ........................ **307**

**COUNT SIXTY-SIX** ........................................................... **307**

**COUNT SIXTY-SEVEN** ...................................................... **307**

**COUNT SIXTY-EIGHT** ....................................................... **307**

COUNT SIXTY-NINE ................................................................................ 307

COUNT SEVENTY ..................................................................................... 307

18.      AS TO DEFENDANT BONNIE ANDERSON ............................ 307

COUNT SEVENTY-ONE ........................................................................... 308

COUNT SEVENTY-TWO ........................................................................... 308

COUNT SEVENTY-THREE........................................................................ 308

COUNT SEVENTY-FOUR ......................................................................... 308

COUNT SEVENTY-FIVE ........................................................................... 308

COUNT SEVENTY-SIX ............................................................................. 308

Failure To Furnish Employee's Withholding Statement Form W-2 In Violation

Of 26 U.S.C. § 7204,  actionable under 26 U.S.C. § 7434 ................................... 308

COUNT SEVENTY-SEVEN ....................................................................... 309

Furnishing False And Fraudulent Withholding Satement, Form W-2 In

Violation Of 26 U.S.C. § 7201 actionable under 26 U.S.C. § 7434  AS TO

DEFENDANT LARRY CRAIG RUSS.......................................................... 309

COUNT SEVENTY-EIGHT.......................................................................... 309

Furnishing False And Fraudulent Withholding Satement, Form W-2 In

Violation Of 26 U.S.C. § 7201 actionable under 26 U.S.C. § 7434  AS TO

DEFENDANT Bonnie Anderson..................................................................... 309

COUNT SEVENTY-NINE ........................................................................... 310

Furnishing False And Fraudulent Withholding Satement, Form W-2 In

Violation Of 26 U.S.C. § 7201 actionable under 26 U.S.C. § 7434  AS TO

DEFENDANT LARRY CRAIG RUSS.......................................................... 310

COUNT EIGHTY ....................................................................................... 311

Furnishing False And Fraudulent Withholding Satement, Form W-2 In

Violation Of 26 U.S.C. § 7201 actionable under 26 U.S.C. § 7434  AS TO

DEFENDANT Bonnie Anderson..................................................................... 311

**Negligent Interference  with Prospective Economic Advantage against All Defendants** ................................................................................................ 312

**COUNT EIGHTY-ONE** ........................................................................... 312

**Imposition of Equitable LIen** ................................................................. 312

**Against the RAK Defendants** ................................................................. 312

**COUNT EIGHTY-TWO** .......................................................................... 313

**Constructive Trust** ................................................................................... 313

**Against the RAK Defendants** ................................................................. 313

**COUNT EIGHTY-THREE** ...................................................................... 313

**Set Aside Fraudulent Transfer – Cal. Civ. Code § 3439.01(a)(1)** ..................... 313

**Against the RAK Defendants** ................................................................. 313

**COUNT EIGHTY-FOUR** ......................................................................... 314

**Negligent Interference  with Prospective Economic Advantage against All Defendants** ................................................................................................ 314

**COUNT EIGHTY-FIVE** ........................................................................... 315

**Libel Against All Defendants** ................................................................. 315

**COUNT EIGHTY-SIX** .............................................................................. 316

**Slander As Against All Defendants** ....................................................... 316

**COUNT EIGHTY-SEVEN** ....................................................................... 317

**Conversion Against All Defendants** ...................................................... 317

**19.      THE INTELLECTUAL PROPERTY AND COMPUTER FRAUD CAUSES OF ACTION** .............................................................................. 318

**COUNT EIGHTY-EIGHT** ........................................................................ 318

**Violation Of The Computer Fraud And Abuse Act 18 u.s.c. § 1030 *ET SEQ*.** 318

**COUNT EIGHTY-NINE** ........................................................................... 320

**California Comprehensive Computer Data Access And Fraud Act, California Penal Code SecTION 502** ........................................................................... 320

COUNT NINETY ................................................................. 321

Violation Of The Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. §1201 et seq.   321

COUNT NINETY-ONE ......................................................... 323

Violations Of The Defend Trade Secrets Act, 18 U.S.C. § 1836 ...................... 323

COUNT NINETY-TWO ......................................................... 325

Violation Of Controlling The Assault Of Non-Solicited Pornography And Marketing ("CAN-SPAM") ACT, 15 U.S.C. §7701 .............................. 325

20.       THE SURVEILLANCE-RELATED CAUSES OF ACTION ............ 327

COUNT NINETY-THREE ...................................................... 327

Violation of Fourth Amendment Declaratory, Injunctive, and Equitable Relief   327

COUNT NINETY-FOUR ........................................................ 329

Violation of Fourth Amendment Damages ........................................ 329

COUNT NINETY-FIVE ......................................................... 331

Violation of First Amendment Declaratory, Injunctive, and Other Equitable Relief   331

COUNT NINETY-SIX ........................................................... 333

Violation of First Amendment Damages ......................................... 333

COUNT NINETY-SEVEN ....................................................... 334

Violation of Foreign Intelligence Surveillance Act Declaratory, Injunctive and Other Equitable Relief ............................................................. 334

COUNT NINETY-EIGHT ....................................................... 338

Violation of 50 U.S.C. § 1809 Actionable Under 50 U.S.C. § 1810—Damages 338

COUNT NINETY-NINE ......................................................... 341

Violation of 18 U.S.C. § 2511 Declaratory, Injunctive, and Other Equitable Relief   341

**COUNT ONE HUNDRED** ................................................................ 345

**Violation of 18 U.S.C. § 2511 Actionable Under 18 U.S.C. § 2520—Damages** 345

**COUNT ONE HUNDRED ONE** ..................................................... 348

**Violation of 18 U.S.C. § 2511,  actionable Under 18 U.S.C. § 2712 Damages Against The United States** ................................................................ 348

**COUNT ONE HUNDRED TWO** ..................................................... 352

**Violation of 18 U.S.C. §§ 2703(a) & (b) Declaratory, Injunctive, and Other Equitable Relief** ................................................................................ 352

**COUNT ONE HUNDRED THREE** .................................................. 355

**Violation of 18 U.S.C. §§ 2703(a) & (b) Actionable Under 18 U.S.C. § 2707—Damages** ................................................................................ 355

**COUNT ONE HUNDRED FOUR** .................................................... 358

**Violation of 18 U.S.C. §§ 2703(a) & (b) Actionable Under 18 U.S.C. § 2712 Damages Against The United States** ....................................... 358

**COUNT ONE HUNDRED FIVE** ..................................................... 361

**Violation of 18 U.S.C. § 2703(c) Declaratory, Injunctive, and Other Equitable Relief   361**

**COUNT ONE HUNDRED SIX** ........................................................ 364

**Violation of 18 U.S.C. § 2703(c) Actionable Under 18 U.S.C. § 2707 - Damages   364**

**COUNT ONE HUNDRED SEVEN** ................................................... 367

**Violation of 18 U.S.C. § 2703(c) Actionable Under 18 U.S.C. § 2712 Damages Against The United States** ................................................ 367

**COUNT ONE HUNDRED EIGHT** ................................................... 370

**Violation of the Administrative Procedure Act,  5 U.S.C. § 701 et seq. FOR Declaratory, Injunctive, and Other Equitable Relief** ......................... 370

**COUNT ONE HUNDRED NINE** ..................................................... 371

Violation of Separation of Powers - Declaratory, Injunctive, and Other Equitable Relief.................................................................................. 371

COUNT ONE HUNDRED TEN......................................................... 371

For Unfair And Unlawful Business Practices California Business And Professions Code §§ 17200-17208.................................................. 371

21.      THE PRIVACY-RELATED CAUSES OF ACTION.......................... 372

COUNT ONE HUNDRED ELEVEN.................................................. 372

Violation Of U.S. Constitution, Amendment Three ............................ 372

COUNT ONE HUNDRED TWELVE ................................................. 374

Invasion Of Privacy – Intrusion Into Seclusion ................................ 374

COUNT ONE HUNDRED THIRTEEN ............................................. 376

Invasion Of Privacy In Violation Of Article I, Section 1 Of The California Constitution ........................................................................................ 376

COUNT ONE HUNDRED FOURTEEN.............................................. 378

Violation Of California Civil Code § 1708.8 ...................................... 378

COUNT ONE HUNDRED FIFTEEN.................................................. 380

Violation Of California Civil Code § 3344 ........................................ 380

COUNT ONE HUNDRED SIXTEEN ................................................ 381

Violation of California Confidentiality of Medical Information Act – Cal. Civil Code §§ 56 et seq. (CMIA) (Plaintiff's Individual Claim and Class Action As Against All Defendants) ........................................................ 381

COUNT ONE HUNDRED SEVENTEEN............................................ 383

Violation of State and Federal Privacy Breach Notice Statutes, Including Without Limitation Cal. Civ. Code § 1798.82 et seq. (Plaintiff's Individual Claim and Class Action As Against All Defendants)........................... 383

COUNT ONE HUNDRED EIGHTEEN............................................... 385

Common Law Invasion of Privacy...................................................... 385

**COUNT ONE HUNDRED NINETEEN** ................................................ **386**

**Violation of California Constitution Art I § 1  Right to Privacy** ..................... **386**

**COUNT ONE HUNDRED TWENTY** ................................................ **387**

**Negligence and Negligence Per Se** ................................................ **387**

**COUNT ONE HUNDRED TWENTY-ONE** .......................................... **388**

**Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress (Plaintiff's Individual Claim As Against All Defendants)** **388**

**COUNT ONE HUNDRED TWENTY-TWO** .......................................... **391**

**Violation of California Business and Professions Code §§ 17200 et seq.** ......... **391**

**COUNT ONE HUNDRED TWENTY-THREE** ....................................... **395**

**Dangerous Condition - Government Code § 835** ................................. **395**

**22.      PRAYER FOR RELIEF** ................................................ **398**

    *22.1   AS TO COUNT ONE,* ................................................ *398*

    *22.2   AS TO COUNT FIVE* ................................................ *398*

    *22.3   AS TO COUNT SEVEN* ............................................. *398*

    *22.4   AS TO COUNT EIGHT* ............................................. *399*

        22.4.1 Declaratory Judgment ................................................ 399

        22.4.2 Injunction ................................................ 399

    *22.5   AS TO COUNT NINE* .............................................. *400*

    *22.6   AS TO COUNT TEN* ............................................... *400*

    *22.7   AS TO COUNT ELEVEN* ........................................... *400*

    *22.8   AS TO COUNT SEVEN* ............................................ *401*

    *22.9   AS TO COUNT SIXTEEN* .......................................... *401*

    *22.10 AS TO COUNT SEVENTEEN* ...................................... *401*

    *22.11 AS TO COUNT TWENTY* .......................................... *401*

    *22.12 AS TO COUNT TWENTY-ONE* .................................... *401*

*22.13 AS TO THE ANTITRUST CAUSES OF ACTION, COUNT TWENTY-TWO and  COUNT TWENTY-FOUR* .............................................. *401*

*22.14 AS TO COUNT TWENTY-SIX* ..................................................... *403*

*22.15 AS TO COUNT TWENTY-SEVEN* .............................................. *403*

*22.16 AS TO COUNT THIRTY-ONE* ...................................................... *403*

*22.17 AS TO COUNT THIRTY-TWO,* ..................................................... *404*

*22.18 AS TO COUNT THIRTY-FOUR and COUNT THIRTY-FIVE,* ....... *404*

*22.19 AS TO COUNT THIRTY-SIX* ....................................................... *404*

*22.20 AS TO COUNT THIRTY-SEVEN, COUNT THIRTY-EIGHT, COUNT THIRTY-NINE, COUNT FORTY, COUNT FORTY-ONE, COUNT FORTY-TWO, COUNT FORTY-THREE, COUNT FORTY-FOUR, and COUNT FORTY-FIVE* .............................................................. *405*

*22.21 AS TO COUNT FORTY-FIVE* ...................................................... *409*

*22.22 AS TO  COUNT FIFTY-FIVE, COUNT FIFTY-SIX, COUNT FIFTY-SEVEN, COUNT FIFTY-NINE* ......................................................... *409*

**Fraud in the Inducement**...............................................Error! Bookmark not defined.

*22.23 COUNT SIXTY* ....................................***Error! Bookmark not defined.***

*22.24 AS TO THE TAX-RELATED CAUSES OF ACTIONCOUNT SIXTY-ONE through COUNT EIGHTY* ..................................................... *411*

*22.25 AS TO COUNT COUNT EIGHTY-ONE* ......................................... *411*

*22.26 AS TO COUNT EIGHTY-TWO* ..................................................... *412*

*22.27 AS TO COUNT EIGHTY-THREE* .................................................. *412*

*22.28 AS TO THE INTELLECTUAL PROPERTY AND COMPUTER FRAUD CAUSES OF ACTION, COUNT EIGHTY-EIGHT THROUGH COUNT NINETY-TWO* ............................................. *412*

*22.29 AS TO THE SURVEILLANCE-RELATED CAUSES OF ACTION* *413*

*22.30 AS TO THE THE PRIVACY-RELATED CAUSES OF ACTION,* .. *414*

22.30.1  COUNT ONE HUNDRED ELEVEN ............................ 414

22.30.2  COUNT ONE HUNDRED TWELVE, ........................... 414

22.30.3  COUNT ONE HUNDRED THIRTEEN, ....................... 415

22.30.4  COUNT ONE HUNDRED FOURTEEN ....................... 415

22.30.5  COUNT ONE HUNDRED FIFTEEN............................ 416

22.30.6  COUNT ONE HUNDRED SIXTEEN THROUGH

COUNT ONE HUNDRED TWENTY-TWO ..................... 416

*22.31 AS TO ALL OTHER COUNTS NOT PARTICULARLY LISTED ... 419*

**INTRODUCTION**

1.     This is a collective and representative class action to recover unpaid minimum wages and overtime compensations, wages for missed meal periods, restitution, actual damages, statutory and civil penalties, injunctive relief and attorneys fees and costs owed to Plaintiff and all other paralegals, legal assistants, legal secretaries, and/or similarly situated job positions (hereinafter "The RAK Labor Class") currently or formerly employed by Defendants Russ August & Kabat, APC, Larry Russ, or Bonnie Anderson (collectively "the RAK Defendants") during the applicable liability period pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), FRCP 23, California Labor Code §§ 201-203, 226, 226.7, 510, 512, 1194, 1194.2, and 1197, State of California Industrial Welfare Commission Wage Order No. 5-2001 ("Wage Order No. 5"), the Private Attorneys General Act, California Labor Code § 2699 *et seq.*, and California's unfair competition laws, Business and Professions Code §§17200-17208 ("UCL").

2.     This is also a collective and representative class action to recover actual damages, statutory and civil penalties, injunctive relief and attorneys fees and costs potentially owed to Plaintiffs, employees and clients of Russ August & Kabat (hereinafter "The RAK Surveillance Class") during the applicable liability period pursuant to *inter alia* the Foreign Intelligence Surveillance Act of 1978, the Electronic Communications Privacy Act, California Penal Code Section 1546 *et seq.*, and the protections provided by Cal. Penal Code Section 1524 relating to search warrants directed at information under the control of attorney[s] and to redress the deprivation by defendants of plaintiff's rights, privileges and immunities, secured by the First, Third, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution and Article I Section 1 of the California Constitution and the California Electronic Communications Privacy Act.

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

3.     Finally, this is an action at law and in equity to redress the deprivation by defendants of plaintiff's rights, privileges and immunities, secured by the First, Third, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. The deprivation of plaintiff's rights by the defendants being at all times under the color of law, in derogation of plaintiff's rights secured by *inter alia* 29 U.S.C.A. §§ 706 and 794 and 42 U.S.C.A. § 1983.

### 1.1    Fraud on the Court

4.     It is complained of herein that members of the bar have knowingly participated in fraud on the court. We must avail ourselves of the remedies available to purge these recreant officers from the tribunals on whom the fraud was practiced. We should not resort to a disorderly remedy by disregarding the law as applied in federal courts ever since they were established in order to reach one inequity at the risk of perpetrating another.

5.     Here, even if we consider nothing but Defendants' pleadings and sworn affidavits, we find a deliberately planned and carefully executed scheme to defraud not only the district court, but also the United States Patent and Trademark Office and the courts of at least the States of California, Connecticut, Florida, Minnesota, Nevada, New Jersey, and New York.

6.     There are "issues of great moment to the public....[t]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. These are wrongs against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. *See generally, Hazel-Atlas Glass Co. v. Hartford Empire Co.* [322 U.S. 238 (1944)].

7.     The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.

*Id.* The facts here "not only justify the inquiry ***but impose upon us the duty*** to make it, even if no party to the original cause should be willing to cooperate, to the end that the records of the court might be purged of fraud, if any should be found to exist." *Id.*(emphasis added).

8.    Unlike just about every remedy or claim existing under the rules of civil procedure or common law there is no time limit on setting aside a judgment obtained by fraud, nor can laches bar consideration of the matter. The logic is clear: "[t]he law favors discovery and correction of corruption of the judicial process even more than it requires an end to lawsuits."[1]

## 2.    JURISDICTION

13.    This court has jurisdiction over Plaintiff's federal law claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337, 1340, and 2201. This action is brought under the FLSA, the Employee Retirement Income Security Act, section 7434 of the Internal Revenue Code, California labor law and common law. One or more of defendants are subject to the FLSA because they are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and (s)(1). Those defendants are engaged in the interstate conduct of business and do and have done more than $500,000 in business in each of the years throughout the applicable liability period. Those defendants activities, as described herein, were within the flow of, were intended to, and did have a substantial effect on the foreign and interstate commerce of the United States.

14.    This court has jurisdiction over this action under 28 U.S.C.A. §§ 1331 and 1343(3) in that plaintiff's claim arises under 29 U.S.C.A. §§ 706 and 794, and the First, Third, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, secured by 42 U.S.C.A. § 1983. This court has the

---

[1] *Lockwood v. Bowles,* 46 F.R.D. 625, 634 (D.D.C. 1969).

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C.A. §§ 2201 and 2202.

15.     This court has jurisdiction under Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended (hereafter "Title VII"), 42 U.S.C.A. § 2000e-5(f) , Section 504 of the Rehabilitation Act , as amended, 29 U.S.C.A. §§ 794 and 794(a).

16.     Pursuant to 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law claims because such claims are so related to the federal claims that they form part of the same case or controversy.

17.     Venue is proper in this District under 15 U.S.C. § 22 and 28 U.S.C. § 1391 because Defendants transact business, committed an illegal or tortious act, and are found in this District within the meaning and scope of 15 U.S.C. § 22, Cal. Bus. & Prof. Code § 16720, and 28 U.S.C. § 1391(b) and (c), and a substantial part of the events giving rise to the claims arose in this District.

18.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because substantially all of the events, acts, or omissions giving rise to the claims asserted occurred in Los Angeles County, California. Defendants have maintained and continue to maintain offices in Los Angeles County, California and the majority of the RAK Labor Class are or were employed by RAK in Los Angeles County, California.

19.     Plaintiff brings this action on behalf of himself and all other similarly situated Russ August & Kabat workers to obtain declaratory and injunctive relief and to recover unpaid wages, benefits, and taxes; liquidated damages; penalties; attorney's fees and costs; pre-and post-judgment interest; and any other remedies to which they may be entitled based on Russ August & Kabat's violations of the Internal Revenue Code, FLSA, ERISA, and California labor and other law.

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

## 2.1    Intradistrict Assignment

20.    Assignment to the Central District of California is appropriate because a substantial portion of the events and omissions giving rise to this lawsuit occurred in this judicial district.

## 2.2    Presentment of Claims Pursuant to 28 U.S.C. § 2675

21.    This complaint and its exhibits are intended for submission to the United States pursuant to *inter alia* 28 U.S.C. § 2675. Accordingly, Plaintiffs have ***not*** fully complied with the presentment of claim provisions of 28 U.S.C. § 2675 as required for their claims under 18 U.S.C. § 2712. Plaintiffs will serve notice of their claims on the the Department of Justice contemporaneous with the filing of this complaint and seek leave to amend commensurate with applicable law.

## 3.   PARTIES

### 3.1    Representative Plaintiff David Scott Bayer

22.    Plaintiff David Scott Bayer ("Plaintiff" or "Bayer") brings claims on behalf of himself, the general public, and in a representative capacity as Private Attorney General on behalf of all similarly situated employees of Russ, August & Kabat.

23.    Plaintiff is a 13-year veteran of law enforcement with 28 years of experience in the field of law. Plaintiff served as an Officer, California Highway Patrol in its Internal Affairs Section and has devoted his career to helping the public and individuals in need.

28.    Plaintiff Bayer is a resident of Los Angeles County, California. As the result of the acts or omissions as set forth herein, Plaintiff Bayer experienced and is experiencing homelessness. He worked as a paralegal for the rAK Defendants in their Los Angeles, California offices from in or about March 9, 2017 through in or about March 20, 2018. During his tenure with the Firm, Plaintiff and Russ, August &

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

1  Kabat's non-exempt staff employees (the "RAK Staff Employees"), at times, had the
2  same or similar pay provisions and/or job duties as alleged herein.

3       29.   During the applicable liability period, Defendants required or knowingly
4  permitted Plaintiff and the RAK Staff Employees without paying them minimum
5  wages for all hours worked as required by both federal and California law.

6       30.   During the applicable liability period, Defendants required or knowingly
7  permitted Plaintiff and the RAK Staff Employees to work in excess of eight (8) hours
8  per day and/or forty (40) hours per week without paying properly calculated overtime
9  compensation for all such overtime hours in violation of both federal and California
10  law.

11       31.   During the applicable liability period, Plaintiff and the RAK Staff
12  Employees were not afforded meal breaks in compliance with, *inter alia*, 29 C.F.R.
13  §§ 785.18 and 785.19 and California Labor Code §§ 226.7 and 512. Plaintiff Bayer
14  regularly worked in excess of five (5) hours per day and was not afforded a one-half
15  hour meal period during which he was relieved of all other duties. Plaintiff Bayer also
16  regularly worked in excess of ten (10) hours per day and was not afforded a second
17  one-half hour meal period during which he was relieved of all other duites. Plaintiff
18  Bayer regularly worked a full day without taking a meal period of at least one-half
19  hour duration or was not relieved of all duties during meal periods. Any time docked
20  for illusory meal periods or meal periods that were not indeed *bona-fide* meal periods
21  constitutes compensable hours worked under the FLSA for which Plaintiff Bayer was
22  not compensated.

23       32.   During the applicable liability period, Plaintiff and the RAK Staff
24  Employees were not afforded rest breaks in compliance with, *inter alia,* 29 C.F.R.
25  §§ 785.18 and 785.19 and California Labor Code §§ 226.7 and 512. Plaintiff Bayer
26  regularly worked in excess of four (4) hours per day and was not afforded a net ten-
27  minute rest period during which he was relieved of all other duties. Plaintiff Bayer

28

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

1  also regularly worked in excess of ten (8) hours per day and was not afforded a second

2  net ten-minute rest period during which he was relieved of all other duties. Plaintiff

3  Bayer regularly worked a full day without taking a rest period of at least a net ten

4  minutes for each four hours worked or was not relieved of all duties during rest

5  periods. Any time docked for illusory rest periods or rest periods that were not indeed

6  *bona-fide* rest periods constitutes compensable hours worked under federal and

7  California law for which Plaintiff was not compensated.

8    33.    Defendants did not timely pay Plaintiff for all earned minimum wages

9  and overtime compensation and wages for missed meal break periods immediately

10  upon or within 72 hours of the termination of his employment relationship in violation

11  of California Labor Code §§ 201-203.

12    34.    During the applicable liability period, and to his injury, Defendants did

13  not furnish to Plaintiff at the time of each payment of wages an itemized statement in

14  writing accurately showing all of the information required by California Labor Code

15  § 226(a), including, but not limited to, an accurate total of all hours worked during

16  the pay period, and the accurate corresponding number of hours he worked at each

17  hourly rate during the pay period.

18    **3.2    Plaintiff David Scott Bayer II, LLC**

19    35.    Plaintiff David Scott Bayer II, LLC is a single-member limited liability

20  corporation organized under the laws of the State of Wyoming. Plaintiff David Scott

21  Bayer II is the sole member of David Scott Bayer II, LLC. Plaintiff David Scott Bayer

22  II, LLC is the victim of identity theft by Adli Law Group and is not in good corporate

23  standing under the laws of the State of Wyoming and is therefore an unincorporated

24  association with principal place of business located in Los Angeles, California. Adli

25  Law Group and David Scott Bayer II, LLC transact business activities in interstate

26  commerce including within this judicial district.

27

28

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

### 3.3   Plaintiff NerdDeer, LLC

36.    Plaintiff NerdDeer, LLC ("NerdDeer") is a single-member limited liability corporation organized under the laws of the State of Nevada. Plaintiff David Scott Bayer II is the sole member of NerdDeer, LLC.  Plaintiff NerdDeer is the victim of identity theft by the RAK Defendants and is not in good corporate standing under the laws of the State of Nevada and is therefore an unincorporated association with principal place of business located in Los Angeles, California. NerdDeer provides the RAK Labor Class members with services related to the terms and conditions of their employment. Plaintiff NerdDeer also operated in its corporate and unincorporated capacities to shield the RAK Defendants from association with Representative Plaintiff Bayer's association with Adli Law Group. The RAK Defendants and NerdDeer, LLC transact business activities in interstate commerce and on a national and international scale, including within this judicial district.

### 3.4   Defendants

#### 3.4.1   The Employer-Law Firm Defendants

##### 3.4.1.1   Russ, August & Kabat ("RAK" or the "RAK Defendants")

37.    Defendant RUSS, AUGUST & KABAT is now, and at all times mentioned in this complaint was, upon information and belief, a California corporation organized under the Moscone-Knox Professional Corporation Act doing business in Los Angeles County, California with offices at 12424 Wilshire Boulevard in the City and County of Los Angeles, California. Defendant Russ, August & Kabat is sued both in its own right and pursuant to the doctrine of *respondeat superior*

38.    Defendant LARRY CRAIG RUSS is now, and at all times mentioned in this complaint was, president of RUSS, AUGUST & KABAT. Defendant Russ maintains an office at 12424 Wilshire Boulevard in the City and County of Los Angeles, California. RUSS is now, and at all times relevant to this complaint was

1   either Manager or Member of RAK INVESTMENTS, LLC, a limited liability

2   company organized under the laws of the State of California, Secretary of State File

3   Number 201113010450, whose stated purpose is to "acquire and hold membership

4   interests." RUSS is an active member in good standing of the State Bar of California

5   and his license number is 82760.

6          39.    Defendant MARC AARON FESNTER is now, and at all times

7   mentioned in this complaint was an attorney at RUSS, AUGUST & KABAT.

8   Defendant FENSTER maintains an office at 12424 Wilshire Boulevard in the City

9   and County of Los Angeles, California. RUSS is an active member in good standing

10  of the State Bar of California and his license number is 181067.

11         40.    Defendant BONNIE ANDERSON is now, and at all times mentioned in

12  this complaint, a resident of Los Angeles County, California, and holds herself out as

13  the Chief Financial Officer (*See* Exhibit 1 at ¶ 17) at RUSS AUGUST & KABAT

14  with principal office at 12424 Wilshire Boulevard, City of Los Angeles, Los Angeles

15  County, California.

16         41.    Russ August & Kabat is headquartered and has been doing business in

17  the State of California throughout the applicable liability period and is subject to the

18  requirements of the FLSA, California law, including California's labor laws, and the

19  UCL.  The RAK Defendants are jointly and severally liable for their own and their

20  predecessors', affiliates', corporate parents', subsidiaries', partners' and successors'

21  violations of *inter alia* the FLSA, California's labor laws, and the UCL.

22                    ### 3.4.1.2    *The Jackson Lewis Defendants*

23         42.    Defendant JACKSON LEWIS is now, and at all times mentioned in this

24  complaint was, upon information and belief, a Pennsylvania corporation doing

25  business in Los Angeles County, California with offices at 721 S. Figueroa Street,

26  Suite 2500, Los Angeles, California 90017. JACKSON LEWIS is counsel to

27  Defendants ANDERSON and RUSS and responsible for the wrongs alleged herein.

28

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

43.    Defendant JOEL P. KELLY, an individual, is now, and at all times mentioned in this complaint was, a resident of Los Angeles County, California and principal at JACKSON LEWIS with offices at 721 S. Figueroa Street, Suite 2500, Los Angeles, California 90017.   JOEL P. KELLY is employment counsel to the RAK Defendants.

### 3.4.1.3    The Law Offices of Ira Benjamin Katz

44.    Defendant LAW OFFICES OF IRA BENJAMIN KATZ is now, and at all times mentioned in this complaint was, upon information and belief, a California corporation doing business in Los Angeles County, California with offices at 1999 Avenue Of The Stars, Ste 1100, Los Angeles, California 90067. The LAW OFFICES OF IRA BENJAMIN KATZ are responsible in part for the wrongs alleged herein.

45.    Defendant IRA BENJAMIN KATZ, an individual, is now, and at all times mentioned in this complaint was, upon information and belief, a resident of Los Angeles County, California and principal at LAW OFFICES OF IRA BENJAMIN KATZ with offices at 1999 Avenue Of The Stars, Ste 1100, Los Angeles, California 90067. Defendant IRA BENJAMIN KATZ and the LAW OFFICES OF IRA BENJAMIN KATZ are or were counsel to GTS Franchising, LLC, the successor-in-interest to Plover Financial Services, LLC and, therefore Defendant KATZ, Plover Financial Services, LLC, and its principals, specifically enjoined from directly or indirectly, by use of any means or instrumentalities from *inter alia* knowingly engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

### 3.4.2  The State and Local Government Defendants

### 3.4.2.1    The City of Los Angeles Defendants

46.    Defendant City of Los Angeles is a municipal corporation duly organized and existing under the laws of the State of California. The City of Los Angeles Police Department ("LAPD") is an agency of defendant City of Los Angeles,

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

1  and all actions of the LAPD are the legal responsibility of the City. Defendant City of

2  Los Angeles is sued both in its own right and pursuant to the doctrine of *respondeat*

3  *superior*.

### 3.4.2.2    The City of Los Angeles Police Department Defendants

5  47.    Defendant Michael Moore is the Chief of the Los Angeles Police

6  Department, an agency of the City of Los Angeles. Plaintiffs are informed and belief

7  and thereupon allege that at all times relevant herein defendant Moore was responsible

8  for the development, establishment, and/or implementation of the procedures,

9  policies, regulations, practices, and/or customs of the LAPD. Upon information and

10  belief, Plaintiffs further allege that at all times relavent herein, defendant Moore

11  participated in, approved, and/or ratified the unconstitutional and/or illegal acts

12  complained of herein. Additionally, upon information and belief defendant Moore

13  failed to adequately train, supervise, and monitor LAPD's sworn peace officers and

14  employees, or to promulgate adequate policies and regulations to prevent the unlawful

15  acts complained of. Plaintiffs sue defendant Moore in both his individual and personal

16  capacity.

17  48.    Plaintiffs are informed and believe and thereupon allege that defendants

18  Moore and others are individuals who at all times relevant herein were responsible

19  for the development, establishment, and/or implementation of the procedures,

20  policies, regulations, practices, and/or customs of the LAPD with respect to its

21  deployment of electronic surveillance, selective enforcement, use of search warrants,

22  use of force, and treatment of persons with disabilities. Upon information and belief,

23  Plaintiffs further allege that at all times relevant herein, these defendants participated

24  in, approved, and/or ratified the unlawful conduct complained of herein. Additionally,

25  upon information and belief, these defendants failed to adequately train, supervise and

26  monitor its officers or to promulgate adequate policies and/or regulations to prevcent

27

28

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

1 the unlawful acts complained of herein. Plaintiffs sue these defendants in both their

2 official and personal capacities.

3     49.    Plaintiffs are informed and believe and thereon allege that at all times

4 relevant herein Defendant Moore, the supervisorial defendants, and the police officer

5 defendants, and each of them, were the agents, servants, and employees of defendant

6 City of Los Angeles, and whether or not acting at all times within the scope of their

7 agency and employment, they were with acting with the knowledge and consent of

8 their principal and employer, the City of Los Angeles. At all times herein, defendants,

9 and each of them, were acting under color of law.

10     50.    Plaintiffs are informed and believe and thereup allege that defendants

11 DOES 1 through 5 (hereinafter "supervisorial defendants"), are individuals who at all

12 times relevant herein were responsible for the development, establishment, and/or

13 implementation of the procedures, policies, regulations, practices, and/or customs of

14 the LAPD with respect to its use of electronic surveillance, selective enforcement, use

15 of search warrants, use of force, and treatment of persons with disabilities Upon

16 information and belief, plaintiffs further allege that at all times relevant herein, these

17 defendants participated in, approved and/or ratified the unlawful conduct complained

18 of herein. Additionally, upon information and belief, these defendants failed to

19 adequately train, supervise, and monitor its officers, or to promulgate adequate

20 policies or regulations to prevent the unlawful acts complained of herein. Plaintiffs

21 sue these defendants in both their individual and personal capacities.

22     51.    Plaintiffs are informed and believe and thereupon allege that Defendants

23 Los Angeles Police Detective II Larsen Serial Number 33038, at all times relevant

24 herein was employed by the City of Los Angeles as a peace officer responsible for

25 the wrongs alleged herein. At all times relevant herein these defendants acted within

26 the course and scope of their employment. He is sued in both his official and personal

27 capacities.

28

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

52.     Plaintiffs are ignorant of the true names and capacities of defendant sued herein as DOES 1 through 5 inclusive, and therefore sue these defendant by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and based thereon allege defendants DOES 1 through 5 are responsible in some manner for the damages and injuries herein complained of.

### 3.4.2.3   *The Office of the City Attorney of Los Angeles Defendants*

53.     Defendant MICHAEL FEURER is the Los Angeles City Attorney. Plaintiffs are informed and belief and thereupon allege that at all times relevant herein defendant FEURER was responsible for the development, establishment, and/or implementation of the procedures, policies, regulations, practices, and/or customs of the Office of the Los Angeles City Attorney. Upon information and belief, Plaintiffs further allege that at all times relavent herein, defendant FEURER participated in, approved, and/or ratified the unconstitutional and/or illegal acts complained of herein. Additionally, upon information and belief defendant FEURER failed to adequately train, supervise, and monitor the Office of the Los Angeles City Attorney's, or to promulgate adequate policies and regulations to prevent the unlawful acts complained of. Plaintiffs sue defendant FEUER in both his individual and personal capacity.

54.     MARY CLARE MOLIDOR Plaintiffs are informed and believe and thereupon allege that defendant MARY CLARE MOLIDOR is an individual who at all times relevant herein were responsible for the development, establishment, and/or implementation of the procedures, policies, regulations, practices, and/or customs of the Office of the Los Angeles City Attorney with respect to its  use of prosecutorial discretion, ministerial duty, use of electronic surveillance, selective enforcement, use of search warrants, use of force, and treatment of persons with disabilities. Upon information and belief, Plaintiffs further allege that at all times relevant herein, these

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

1  defendants participated in, approved, and/or ratified the unlawful conduct complained

2  of herein. Additionally, upon information and belief, these defendants failed to

3  adequately train, supervise and monitor the other defendants or to promulgate

4  adequate policies and/or regulations to prevcent the unlawful acts complained of

5  herein. Plaintiffs sues Defendant MOLIDOR in both her official and personal

6  capacities.

7      55.    Plaintiffs are informed and believe and thereupon allege that Defendant

8  JONATHAN CRISTALL, at all times relevant herein was employed by the City of

9  Los Angeles as Deputy City Attorney and is responsible for the wrongs alleged herein.

10  At all times relevant herein these defendants acted within the course and scope of their

11  employment. He is sued in both his official and personal capacities.

12      56.    Plaintiffs are informed and believe and thereupon allege that Defendant

13  KIMBERLY ERICKSON, at all times relevant herein was employed by the City of

14  Los Angeles as Deputy City Attorney and is responsible for the wrongs alleged herein.

15  At all times relevant herein these defendants acted within the course and scope of their

16  employment. She is sued in both her official and personal capacities.

17          **3.4.3   The County of Los Angeles Defendants**

18      57.    Defendant LOS ANGELES COUNTY is a governmental subdivision

19  created under the laws of the State of California and governed by the Los Angeles

20  County Board of Supervisors.

21          **3.4.3.1    The Los Angeles County Superior Court Defendants**

22      58.    Defendant DAVID FIELDS is a Judge of the Superior Court of the State

23  of California in and for the County of Los Angeles. Upon information and belief,

24  Plaintiffs allege that at all times relavent herein, defendant FIELDS participated in,

25  approved, and/or ratified the unconstitutional and/or illegal acts complained of herein

26  and failed to prevent the unlawful acts complained of. Plaintiffs sue defendant

27  FIELDS in both his individual and personal capacity

28

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

59.     Defendant MICHAEL E. PASTOR is a Judge of the Superior Court of the State of California in and for the County of Los Angeles. Upon information and belief, Plaintiffs allege that at all times relavent herein, defendant PASTOR participated in, approved, and/or ratified the unconstitutional and/or illegal acts complained of herein and failed to prevent the unlawful acts complained of. Plaintiffs sue defendant PASTOR in both his individual and personal capacity

### 3.4.3.2    *The Office of the Los Angeles County District Attorney Defendants*

60.     Defendant JACKIE LACEY is the Los Angeles County District Attorney. Plaintiffs are informed and belief and thereupon allege that at all times relevant herein defendant LACEY was responsible for the development, establishment, and/or implementation of the procedures, policies, regulations, practices, and/or customs of the Office of the Los Angeles District Attorney. Upon information and belief, Plaintiffs further allege that at all times relevant herein, defendant LACEY participated in, approved, and/or ratified the unconstitutional and/or illegal acts complained of herein. Additionally, upon information and belief defendant LACEY failed to adequately train, supervise, and monitor the Office of the Los Angeles District Attorney, or to promulgate adequate policies and regulations to prevent the unlawful acts complained of. Plaintiffs sue defendant LACEY in both her individual and personal capacity.

61.     Defendant DAVID PFAFF is an Assistant District Attorney for the County of Los Angeles. Plaintiffs are informed and believe and thereupon allege that Defendant PFAFF, at all times relevant herein is responsible for the wrongs alleged herein. At all times relevant herein defendant PFAFF acted within the course and scope of his employment. He is sued in both his official and personal capacities.

### 3.4.3.3   The Los Angeles County Sheriff's Department Defendants

62. Defendant LOS ANGELES COUNTY owns and, through Defendant LOS ANGELES COUNTY SHERIFF ALEX VILLANUEVA, operates the Jails, which consist of eight facilities located throughout Los Angeles County. Defendant LOS ANGELES COUNTY, through the Los Angeles County Board of Supervisors, has responsibility for funding the operations of the Jails.

63. Defendant LOS ANGELES COUNTY SHERIFF ALEX VILLANUEVA, is the Los Angeles County Sheriff, an independently-elected constitutional officer not under the authority of the County Board of Supervisors. Cal. Const. Art. 11, §1(b). SHERIFF VILLANUEVA has responsibility for the security and custody operations of the Jails and to protect the safety of prisoners in the Jails. SHERIFF VILLANUEVA is sued in his official capacity.

64. Defendants LOS ANGELES COUNTY and SHERIFF VILLANUEVA are together responsible for the conditions of confinement and health and safety of persons incarcerated at the Jails. LOS ANGELES COUNTY, through its Department of Mental Health and Department of Public Social Services, provides health care services to prisoners in the Jails.

65. Defendants are legally responsible, in whole or in part, for the operation and conditions of the Jails, and for the health and safety of persons incarcerated there. DEFENDANT LOS ANGELES COUNTY owns the Jails; Defendant SHERIFF VILLANUEVA is responsible for maintaining the Jails; Defendant SHERIFF VILLANUEVA is responsible for the security and custody operations of the Jails; Defendant LOS ANGELES COUNTY, through its Department of Mental Health, is responsible for providing mental health care services to prisoners in the Jails; and Defendant LOS ANGELES COUNTY is responsible for funding the operations and maintenance of the Jails. This actions concerns the administration of persons confined

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

1   at the Jails, which houses adult male and female prisoners who are felons, gross

2   misdemeanants, misdemeanants, pre-trial detainees, witnesses, or others being

3   detained in protective custody.

4        66.    At all relevant times, Defendants or their predecessors in office have

5   acted or failed to act, as alleged herein, under color of state law.

6                    *3.4.4   The Health Care Provider Defendants*

7        67.    Upon information and belief, Defendant Kaiser Permanente, Inc. is a

8   corporation incorporated in the State of Connecticut but conducts business nationwide

9   including in California and in Los Angeles County.

10       68.    Defendants LOS ANGELES COUNTY and SHERIFF VILLANUEVA

11  are together responsible for the conditions of confinement and health and safety of

12  persons incarcerated at the Jails. LOS ANGELES COUNTY, through its Department

13  of Mental Health and Department of Public Social Serivces, provides health care

14  services and mental health services including 1) diagnosis, 2) referral to mental health

15  professionals, 3) treatment plans, 4) administration of medications, 5) suicide

16  prevention, 6) tracking and medical record keeping, 7) staffing, 8) communication, 9)

17  quality assurance; and 10) discharge planning and post-discharge care. Accordingly,

18  Defendants LOS ANGELES COUNTY and SHERIFF VILLANUEVA are referred

19  to herein as among The State and Local Government Defendants as well as the Health

20  Care Provider Defendants.

21                   *3.4.5   The Intelligence Community Affiliated Defendants*

22       69.    THE ISSUER certificate authority with root CA Serial Number 3D E8

23  6F F4 50 AC 93 94 43 75 34 FA BB 22 AB F0 bearing SHA-256 fingerprint 58 84

24  A1 14 69 E2 5B C8 8D 57 C0 E0 51 05 D1 22 43 4A B5 61 4E 1F 48 8C 87 D9 34

25  0E 53 17 A3 2C and SHA-1 fingerprint 37 53 93 36 C8 7D 8E 82 46 8C B6 A4 C3

26  2F 2B 09 7E 95 9D 6A is, upon information and belief, a corporation doing business

27  in Los Angeles County, California and subject to the jurisdiction of this court.

28

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

20

COMPLAINT

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

1   70.   THE SUBJECT with certificate serial number 5B BB 81 DD 00 01 00

2   00 02 51 bearing SHA-256 fingerprint D2 CD E4 E0 ED C9 85 C5 60 85 43 38 13

3   A2 5A 0C 5B 28 4E 78 C7 B9 91 9D 48 21 90 99 91 B4 DC 3F and SHA-1 fingerprint

4   E2 E2 A5 63 BF F5 C1 95 29 97 21 4C F4 DB C1 00 A0 AE 61 EF is a natural person

5   and employee or officer of the issuer with Root Certificate Authority Serial Number

6   3D E8 6F F4 50 AC 93 94 43 75 34 FA BB 22 AB F0 bearing SHA-256 fingerprint

7   58 84 A1 14 69 E2 5B C8 8D 57 C0 E0 51 05 D1 22 43 4A B5 61 4E 1F 48 8C 87

8   D9 34 0E 53 17 A3 2C and SHA-1 fingerprint 37 53 93 36 C8 7D 8E 82 46 8C B6

9   A4 C3 2F 2B 09 7E 95 9D 6A with a principal place of business and/or residence in

10   the Central District of California.

11   71.   THE SUBJECT with certificate Serial Number 51 A5 BB A0 00 01 00

12   00 02 34, SHA-256 fingerprint 7F 49 CA 73 B0 F4 BA E2 09 4A 28 17 98 11 F1 48

13   52 2E 12 C0 38 BD 3B FC 29 CD D2 11 10 BB 0B A9 and SHA-1 fingerprint E0

14   FF 60 06 95 14 EF A5 F5 6E D4 CF A8 3A D5 E7 7F AF B8 D3 is a natural person

15   and employee or officer of the issuer with Root Certificate Authority Serial Number

16   Serial Number 3D E8 6F F4 50 AC 93 94 43 75 34 FA BB 22 AB F0 bearing  SHA-

17   256 fingerprint 58 84 A1 14 69 E2 5B C8 8D 57 C0 E0 51 05 D1 22 43 4A B5 61 4E

18   1F 48 8C 87 D9 34 0E 53 17 A3 2C and SHA-1 fingerprint 37 53 93 36 C8 7D 8E 82

19   46 8C B6 A4 C3 2F 2B 09 7E 95 9D 6A with a principal place of business and/or

20   residence in the Central District of California.

21   72.   THE SUBJECT with certificate serial number 51 94 5C F9 00 01 00 00

22   02 32 bearing SHA-256 fingerprint  A7 4B 78 48 45 6C 2C 06 70 A4 10 AD 50 78

23   5B 7A 14 73 46 98 CC C9 40 E2 A3 B1 78 86 CA 5C B0 85 SHA-1 is a natural

24   person and employee or officer of the issuer with Root Certificate Authority Serial

25   Number 3D E8 6F F4 50 AC 93 94 43 75 34 FA BB 22 AB F0 bearing  SHA-256

26   fingerprint 58 84 A1 14 69 E2 5B C8 8D 57 C0 E0 51 05 D1 22 43 4A B5 61 4E 1F

27   48 8C 87 D9 34 0E 53 17 A3 2C and SHA-1 fingerprint 37 53 93 36 C8 7D 8E 82 46

28

8C B6 A4 C3 2F 2B 09 7E 95 9D 6A with a principal place of business and/or residence in the Central District of California.

### 3.4.6  *The Service Provider Defendants*

73.     Defendant Russ, August & Kabat is a service provider within the meaning of applicable federal law. Accordingly, Russ, August & Kabat are referred to herein as among The RAK Defendants as well as the Service Provider Defendants.

74.     AT&T is headquartered and has been doing business in the State of California throughout the applicable liability period and is subject to the requirements of law as alleged herin.  AT&T is jointly and severally liable for their own and their predecessors', affiliates', corporate parents', subsidiaries', partners' and successors' violations of *inter alia* the wrongful acts alleged herein.

75.     T-Mobile is headquartered and has been doing business in the State of California throughout the applicable liability period and is subject to the requirements of law as alleged herin.  T-Mobile is jointly and severally liable for their own and their predecessors', affiliates', corporate parents', subsidiaries', partners' and successors' violations of *inter alia* the wrongful acts alleged herein.

### 3.6     Alter Ego Statement

80.     The California Supreme Court in *Martinez v. Combs*, (2010) 49 Cal. 4th 35, held: "[The] applicable wage order of the Industrial Welfare Commission (IWC), not the common law, defines the employment relationship, The definition of employer in a wage order of Industrial Welfare Commission (IWC) regarding minimum wages is **broad enough to reach through straw men and other sham arrangements to impose liability for wages on the *actual employer*;** 'employer' encompasses any person who directly or indirectly, or through an agent or any other person, *engages, suffers, or permits to work* any person or *exercises control over the wages, hours, or working conditions* of any person..." (Emphasis added).

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

22

81.     Industrial Welare Commission, Wage Order 5-2001, Section 2(H) among other things, defines an employer as follows:

> *"[A]ny person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person."*

82.     All of the Defendants are alleged to be co-conspirators with each other, in that each agreed to participate and participated in the furtherance of the objective of the civil wrongs as alleged in this Complaint.

83.     Plaintiff is informed and believes and thereon alleges that each Defendant entered into a conspiracy and agreement with the other Defendants and/or subsequently joined said conspiracy and ratified the prior acts and conduct of the Defendants who had previously entered into said conspiracy. Plaintiff is currently unaware of when each Defendant joined said conspiracy and, upon information and belief, alleges that Defendant joined said conspiracy and alleges that all Defendants have knowingly, maliciously, and willfully entered into said conspiracy, which continues until this day. The purposes of this ongoing conspiracy include, but are not limited to, the wrongs alleged herein. All Defendants' acts and failures to act as alleged herein were perpetrated in furtherance of the ongoing conspiracy.

84.     Plaintiff is informed and believes and thereon alleges that, at all times material herein, each of the Defendants was the agent, employee and/or working in concert with the other Co-Defendants and was acting within the course and scope of such agency, employment and/or concerted activity.

85.     To the extent that certain acts or omissions were perpetrated by certain Defendants, the remaining Defendant or Defendants confirmed and ratified said acts or omissions.

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

86.    Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts or failures to act of each Defendant acting individually, jointly, and severally.

87.    Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendants in this Complaint but were employees/agents of each other Defendant, such individuals acted on behalf of each Defendant within the scope of their employment.

88.    At all times relevant, each Defendant was the employer, joint employer, and/or agent of each of the Co-Defendants.

89.    Plaintiff is informed and believes and thereon alleges that Defendants were associated or affiliated with one or more of the other Defendants in connection with matters and conduct sued upon herein. Each Defendant was acting with one or more of the other Defendants pursuant to a common scheme, course of action, enterprise or conspiracy and each Defendant is liable to Plaintiff for the events happenings and damages alleged herein.

90.    Plaintiff is informed and believes and thereon alleges that the Court can pierce the corporate veil of entity Defendant(s) or reverse pierce the corporate veil for the natural person Defendants and hold the associated person or natural persons liable as defendants because of their improper activities, not limited to the following:

      a. Defendants failed to maintain or observe corporate formalities when they failed to keep minutes or timely file truthful and accurate tax information returns;

      b. Individual Defendants commingled corporate funds with their personal funds;

      c. Individual Defendants under-capitalized the Entity Defendants.

d. Based upon the foregoing, Plaintiff is informed and believes, and thereon alleges that Defendants are each the alter ego of one another and vice versa, and therefore, Plaintiff may proceed against all Defendants directly, as they are each liable jointly and severally for any and all damages suffered by Plaintiff.

## 3.7 Statute Of Limitations

91. The statue of limitations applicable to any claims plaintiff have brought or could bring as a result of the unlawful and fraudulent concealment and course of conduct has been tolled as a result of defendants' fraudulent and active concealment. In addition, Plaintiff did not discover, and could not have discovered, that he had been subjected to actionable misconduct until shortly before the filing of this Complaint, thereby tolling any applicable statue of limitations. Defendants and others acting in concert with them, thorugh the various devices of concealment and secrecy described herein, affirmatively and fraudulently concealed the existence of its unlawful and deceptive practices and course of conduct from plaintiff and others – including the court – and plaintiff did not discover defendants fraudulent course of conduct until the filing of this action

## 4. EXHAUSTION OF ADMINISTRATIVE REMEDIES

92. On or about April 30, 2017 Plaintiff provided notice pursuant to the California Private Attorneys General Act of 2004 to the State of California Department of Industrial Relations Case Number LWDA-CM_255222-17 related to his current and former employment.

93. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing. On or around February 28, 2018, Bayer tendered a claim to the Equal Employment Opportunity Commission ("EEOC") and on or about May 18, 2018 dual-filed a Charge of Discrimination, No.

25
COMPLAINT

480-2018-02042N with the United States Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing.

94.     On or about April 9, 2018 Plaintiff filed a complaint for retaliation and violations of California's Equal Pay Act with the California Department of Labor. Plaintiff's complaint was accepted by the Labor Commissioner for investigation under file number 52127.

95.     On or about August 29, 2018, Plaintiff initiated a whistleblower complaint purusant to title 18 U.S.C. § 1514 with the United States Department of Labor, Occupational Safety and Health Administration, submission number ECN33403.

96.     During 2018 and 2019, Plaintiff Bayer provided information related to the acts or omissions alleged herein to the Federal Bureau of Investigation, the Securities and Exchange Commission, the Treasury Inspector General for Tax Administration, and the Office of the Inspector General for the United States Department of Justice.

97.     Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## 5.  PRIVACY, CIVIL RIGHTS, AND CIVIL LIBERTIES PROTECTIONS

### 5.1  Standards for Information and Intelligence Sharing in the Homeland Security Environment

98.     Innovation and technology have facilitated the expansion of capacity for for intelligence and information sharing among state and federal authorities and the exchange of intelligence information globally. These core processes underpin existing policy and practice deemed effective at safeguarding America from criminal and terrorist threats. The effectiveness of past policy and practice must be evaluated in

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

1  light of the effects of technology and invoation, economic growth, and the needs of

2  the people, based in the rule of law and fundamental Constitutional protection.

3      99.   The standards for intelligence and information sharing for law

4  enforcement are found in 28 C.F.R. Part 23, Criminal Justice Intelligence Systems

5  Operating Policies, ensuring that the privacy and constitutional rights of individuals

6  are protected during the collection and exchange of criminal intelligence information.

7  The regulation specifically provides guidance to law enforcement agencies in five

8  primary areas – submission and entry of criminal intelligence information, secure

9  storage, inquiry, disseminaton, and retention. The National Criminal Intelligence

10 Sharing Plan[2] assuages the fear of terrorism by expanding the "policing environment"

11 to include civil defense and public health – safeguarding critical infrastructure and

12 key resources ("CIKR") from threats of terrorism, sharing information to aid in the

13 prevention of widespread flu, pandemics, or exchanging intelligence to assist with

14 preparation for and the aftereffects of a natural disaster through an intertwined unity

15 of state and federal agencies termed by the federal government as the "homeland

16 security environment."

17     100.   The government has operated without sufficient accountability or

18 oversight in the expansion of intelligence enterprise creating long windows of

19 opportunities in which the government infringes the fundamental privacy, civil rights,

20 and civil liberies of those they are constitutionally mandated to serve while awaiting

21 judicial review. National Strategy for Information Sharing ("NSIS")[3] highlighted the

22 importance of additional guidance, recommending compliance reviews and audits to

23

24

---

25 [2]   The *National Criminal Intelligence Sharing Plan* is available at http://www.it.ojp.gov/documents/NCISP_Plan.pdf

26

27 [3] The National Strategy for Information Sharing (NSIS), issued by the White House in 2007, is available at http://georgewbush-whitehouse.archives .gov/nsc/infosharing/NSIS_book.pdf.

28

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

DAVID SCOTT BAYER, II
Scott.bayer2@gmail.com
323-847-9262

1  identify high-risk operational and management issues, particularly related to the
2  evolution of fusion centers[4] such as California's STAS.

3    101.   An agency's privacy policy and associated procedures should be
4  transparent, and agency leadership should be accountable for their privacy protection
5  processes in all areas of the intelligence enterprise. To meet this need, the Global
6  Justice Information Sharing Initiative's (Global) Criminal Intelligence Coordinating
7  Council ("CICC"), Global Intelligence Working Group ("GIWG") Privacy
8  Committee has developed the Privacy, Civil Rights, and Civil Liberties Compliance
9  Verification for the Intelligence Enterprise in recognition that the need to protect the
10 rights of Americans is a core facet of national information sharing effort, including
11 compliance mandates for certain reviews and audits verification

12   102.   There exist, therefore, actual questions of law to ensure the protection of
13 privacy and constitutional rights against "intelligence-related" functions of an agency
14 that go beyond the tenets of 28 C.F.R. Part 23.

15 **5.2   Civil Rights and Civil Liberties Implications**

16   103.   Civil Liberties[5] issues arise when the government intrudes or proposes
17 to intrude into individual affairs in a way that is counter to law, regulation, or accepted
18 practice; when it exceeds its lawful authority in attempting to control individual
19 behavior; or when the criteria for the collection or sharing of information are based
20 solely on constitutionally protected activities or categories.

21   104.   In the information sharing context, civil liberties issues arise when
22 government collects, uses, maintains, and disseminates peronsal data; for example, if
23 the government collects irrelevant information that is broader than necessary to

24

25 [4] United States Department of Justice, Privacy, Civil Rights, and Civil Liberties Compliance
   Verification for the Intelligence Enterprise. June 2010.
26 [5] Fundamental individual rights such as freedom of speech, press, or religion; due process of law;
   and other limitations on the power of the government to restrain or dictate the actions of indivuals.
27 These are the freedoms that are guaranteed by the Bill of Rights – the first ten amendments—to the
   Constitution of the United States. Civil liberties offer protection to individuals from improper
28 government action and arbitrary governmental influence.